Madonna A. Herman, Esq. (State Bar No. 221747)
  mah@manningllp.com
Peter C. Catalanotti, Esq. (State Bar No. 230743)
  pcc@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant,
DOHMEN LIFE SCIENCE SERVICES, LLC
(Incorrectly named as MedComm Solutions, LLC,
Biosoteria, Inc., and Dohmen Safety LLC)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LESLIE WILLIAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>MEDCOMM SOLUTIONS, LLC,<br>BIOSOTERIA, INC., DOHMEN<br>SAFETY, LLC d/b/a BIOSOTERIA<br>and MEDCOMM SOLUTIONS; and<br>DOES 1 through 50 inclusive,<br><br>          Defendants. | CASE NO.: 2:14-CV-05556<br><br>**STIPULATED PROTECTIVE**<br>**ORDER**<br><br>State Action Filed:   May 19, 2014<br>Date of Removal:    July 17, 2014<br><br>[District Judge Hon. Ronald S. W. Lew]<br>[Magistrate Judge Hon. Victor B. Kenton] |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF

RECORD:

   PLEASE TAKE NOTICE that Plaintiff LESLIE WILLIAMS and Defendant

DOHMEN LIFE SCIENCE SERVICES, LLC (incorrectly named as MEDCOMM

SOLUTIONS, LLC, BIOSOTERIA, INC., DOHMEN SAFETY, LLC d/b/a

BIOSOTERIA and MEDCOMM SOLUTIONS) have agreed to the following terms and stipulate as follows:

## STIPULATION TO PROTECTIVE ORDER

### I.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles

### II.     DEFINITIONS

a.      <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

b.      <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection that includes any "writing" as defined by California Evidence Code §250 marked CONFIDENTIAL pursuant to the terms of this Order.

c.      <u>Counsel (without qualifier)</u>:  Counsel of Record for any party (as well as their support staff).

d.    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

e.    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter and including any "writing" as defined by California Evidence Code §250.

f.    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

g.    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

h.    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

i.    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

j.    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

k.    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

l.      Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" by a producing party or by the Receiving Party.

m.      Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall remain prohibited by this Order unless permitted through separate agreement or order.

## IV.  DURATION

a.      Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  This provision is

subject to the special agreement for items designated CONFIDENTIAL by a Receiving Party as outlined below in section VI.

b.      Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.      DESIGNATING PROTECTED MATERIAL

a.      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or the case development process or to impose unnecessary expenses and burdens on other parties) will not be enforceable.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

b.      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated by a Producing

Party before the material is disclosed or produced or within a reasonable time thereafter. Discovery Material that qualifies for protection under this Order may also be clearly designated by a Receiving Party if it was not otherwise marked as Confidential by the Producing Party. Within twenty (20) days of receipt of the material or items disclosed or produced by a Producing Party, Receiving Party shall provide notice to the Disclosing Party of all items that Receiving Party deems Confidential that were not already designated as such by Disclosing Party. Designation in conformity with this Order requires:

    1.    <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" to each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

    2.    <u>For testimony given in deposition or in other pretrial or trial proceedings,</u> that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to

protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days after completion of the transcript to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection during the deposition or within the 30 days after completion of the transcript shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition or up to 30 days after completion of the transcript if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL".

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have expressly agreed to be bound by the terms of this Stipulation and Orderare present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL".

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material or is CONFIDENTIAL, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety

unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as designated.

3.     For information produced in some form other than documentary and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

c.     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, all parties must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

a.     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b.     Meet and Confer.  The Challenging Party shall provide written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and the challenging party

must begin the process by conferring directly (in voice to voice dialogue).  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

c.   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to de-designate.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VII.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

a.   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

b. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1.   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, who are bound by this agreement by virtue of their employment;

2.   the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed an Acknowledgment and Agreement to Be Bound to the terms of this Stipulation and Order;

3.   experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed an Acknowledgment and Agreement to Be Bound to the terms of this Stipulation and Order;

4.   the Court and its personnel so long as confidential information is protected from public availability;

5.   Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed an Acknowledgment and Agreement to Be Bound to the terms of this Stipulation and Order;

6.   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed an

10

Acknowledgment and Agreement to Be Bound to the terms of this Stipulation and Order.  , unless otherwise agreed by the Designating Party or ordered by the Court (pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order); and

7.   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

a.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

1. promptly notify in writing the Designating Party (such notification shall include a copy of the subpoena or court order);

2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order (such notification shall include a copy of this Stipulated Protective Order); and

3. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

b.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

a.  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

c.      If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

## X.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to sign an Acknowledgment and Agreement to Be Bound to the terms of this Stipulation and Order.

## XI.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.  This includes a restriction against presenting the information to the Court for a determination of the claim.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

## XII.   MISCELLANOUS

a.   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

b.   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

c.   <u>Filing Protected Material</u>.  A Receiving Party's may file Protected Material in normal fashion and not under seal.  The parties agree that the Protected Material filed with the arbitrator shall be treated as Confidential pursuant to the terms of this Order.

## XIII.  <u>CONCLUSION OF CASE</u>.

a.   <u>Challenges at Conclusion of Litigation</u>.  At the conclusion of the litigation, a *receiving* party may identify, by bates stamp number or other method, any item which it has previously designated as "confidential" pursuant to this Order, which it contends, in good faith, is the property of the receiving party.  A written list of each such item shall be provided to the producing party no later than ten (10) days following service of the final disposition of this matter as defined in Section IV. Thereafter the parties shall meet and confer in good faith as to which documents designated "confidential" by the receiving party belong to the receiving party and shall remain treated as "confidential" following the final disposition of this matter.  In the event that the parties cannot resolve ownership and continuing designation of each item, the receiving party (the party wishing to assert ownership over received items)

may file a motion to establish ownership and continuing designation of the disputed documents with the judge assigned to this matter within thirty (30) days following the date of the final disposition of this matter.  If the receiving party fails to bring such a motion within the 30 day time period, any received document(s) in its possession, which the parties have not agreed are the property of the receiving party, shall lose its "confidential" status and shall not be subject to the terms of this Order following the final disposition of this matter.  The burden of proof to establish ownership and continuing designation of any document shall be on the moving party.  After receipt of the court's written order deciding ownership of contested documents, the parties shall treat any "confidential" document in their possession which the Court has ruled is the property of the other party in the same manner as any document designated as confidential pursuant to this Order.

      b.   <u>Treatment of Documents Deemed Confidential at Conclusion of Case</u>. Within 30 days after the final disposition of this action, as defined in Section IV, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  Further, all Protected Material shall be kept by or returned to a Designating Party deemed the owner of Protected Material pursuant to the procedure outlined in section 13(a) above or otherwise as stipulated.

      c.   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

      d.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit, if requested, a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

e.     Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits (not otherwise marked confidential), expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  However, any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:   February _____, 2015               **MANNING & KASS**

**ELLROD, RAMIREZ, TRESTER, LLP**


By: _____
　　　Madonna  A. Herman
　　　Peter C. Catalanotti
　　　Attorneys for Defendant, DOHMEN LIFE
　　　 SCIENCE SERVICES, LLC


Dated:   February _____, 2015               **HILAIRE MCGRIFF, PC**


By: _____
　　　Mika Hilaire
　　　Attorneys for Plaintiff, LESLIE
　　　WILLIAMS

///
///
///
///
///
///
///

1

## <u>ORDER</u>

2

**PURSUANT TO STIPULATION OF ALL PARTIES, AND GOOD CAUSE**

3

**HAVING BEEN SHOWN,  IT IS SO ORDERED.**

4

5

**COMPLY WITH LOCAL RULE 79-5.**

6

7

8

9

DATED: March 10, 2015        _____/s/_____

10

Hon. Victor B. Kenton
Magistrate Judge of the
United States District Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER